THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| DARRELL PODWYS, ) | |
| ) | Case No. 2:18-cv-00117-DS |
| Petitioner, ) | 2:10-cr-01095-DS |
| vs. ) | MEMORANDUM DECISION AND ORDER |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Petitioner Darrell Podwys, proceeding pro se, has filed a Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. Following a plea of guilty in the United States District Court for the Middle District of Florida Orlando Division, Petitioner was convicted of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). He was sentenced on May 22, 2009, to a term of 36 months imprisonment to be followed by a life term of supervised release. Judgement was entered on May 27, 2009.

On December 13, 2010, jurisdiction for Petitioner's supervised release was transferred from the Middle District of Florida to the District of Utah. And on January 26, 2017, in the United States District Court for the District of Utah, Petitioner admitted to amended allegations that he violated of the terms of his supervised release, including that he possessed child pornography. This Court, finding that he had violated the terms of supervision, sentenced Petitioner to 60 months custody with the Bureau of

Prisons pursuant to 18 U.S.C. § 3583(k), followed by a life term of supervised release. Petitioner did not appeal his sentence.

## II. DISCUSSION

In support of his section 2255 motion, Petitioner urges that he received ineffective assistance of counsel because his attorney failed to argue that 18 U.S.C. § 3583(k) is unconstitutional as set forth in *United States v. Haymond*, 869 F.3d 1153 (10th Cir. 2017), *petition for cert. filed (No. 17-1672)*, (June 15, 2018). To prevail on an ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was constitutionally deficient, and that his attorney's deficient performance prejudiced him in some way. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it "falls below an objective standard of reasonableness." *Id*. at 688. "'To be deficient, the performance must be outside the wide range of professionally competent assistance. In other words, it must have been completely unreasonable, not merely wrong.'" *Byrd v. Workman*, 645 F.3d 1159,1168 (10th Cir.)(citations omitted), *cert. denied*, 565 U.S. 1063 (2011). "[R]eview of counsel's performance under the first prong of *Strickland* is a 'highly deferential' one." *Id*. (citation omitted). Accordingly, "case law makes clear that '[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,'... and that a petitioner 'bears a heavy burden' when it comes to overcoming that presumption". *Id.* (citations omitted). A defendant is prejudiced if it is shown "that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Failure to establish either of the two *Strickland* prongs is

dispositive. *Byrd, 645 F.3d at 1168* (citing *Strickland*, 466 U.S. at 697)).

The Court concludes that Petitioner fails to establish either that his attorney's performance was deficient or that he was prejudiced by counsel's failure to make a *Haymond* argument. As Respondent notes, *Haymond* was decided seven months after this Court imposed sentence. Ordinarily, courts refuse to deem counsel ineffective for failing to predict the development of the law. *See, e.g., Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997). And as Respondent further notes, under *Teague v. Lane*, 489 U.S. 288 (1989), "a new rule of constitutional law, announced after a defendant's conviction became final, is generally not applicable on collateral review of that conviction. *See United States v. Mora*, 293 F.3d 1213, 1218 (10th Cir. 2002)." ECF No. 8 at p. 7; see also See *Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005)(emphasis in original) (citing *Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("a new rule is made retroactive to cases on collateral review only when the Supreme Court explicitly holds that the rule it announced applies retroactively to such cases."). "*Haymond* has not been 'made retroactive to cases on collateral review by the Supreme Court.' 28 U.S.C. § 2255(h)(2)." ECF No. 8 at p.7.

In his Reply to Respondent's pleading, Petitioner now urges that he "relies, not on *Haymond,* but prior case law on which the decision in *Haymond* was based. These same issues are equally applicable to Petitioner and do not rely on *Haymond* in any way." ECF No. 9 at pp.4-5.[1] Petitioner's revised position likewise fails. Besides now inappropriately arguing matters not specifically raised in his Petition, Petitioner also falls

---

[1]Petitioner's reliance on a letter from his prior attorney dated November 14, 2017, attached as exhibit 1 to his Reply, is hearsay and disregarded as such.

short of showing that his attorney's performance was deficient under *Strickland*. It is uncontroverted that "[a]t the time of petitioner's sentence the law in every circuit pursuant to 18 U.S.C. § 3583(k) required the imposition of a mandatory minimum term of 60-months imprisonment for a violation of possessing child pornography." ECF No. 8 at p.4. Given that circumstance, Petitioner cannot, and has not, established that his attorney committed "serious errors" in light of "prevailing professional norms" such that "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-688.

### III. CONCLUSION

For the reasons stated, as well as generally for those reasons set forth by Respondent United States in it opposition memorandum, Petitioner Mr. Podwys' Motion under 28 U.S.C. § 2255 (ECF. No. 1) is denied.

IT IS SO ORDERED.

Dated this 11th day of July, 2018.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT