THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

DIVISION

*************************************************************

| | ) | |
|---|---|---|
| DARRELL PODWYS, | ) | |
| | ) | Case No. 2:18-cv-00117-DS |
| Petitioner, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

*************************************************************

## I. INTRODUCTION

Petitioner Darrell Podwys seeks to appeal this Court's denial of his Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. In order to proceed with his appeal, Mr. Podwys must first obtain a certificate of appealability (COA).[1] *See* 28 U.S.C. § 2253(c)(1). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

In support of his section 2255 motion, Petitioner urged that he received ineffective assistance of counsel because his attorney failed to argue that 18 U.S.C. §

---

[1] The Court previously did not address the issue of whether a COA should issue and Mr. Podwys did not request a COA from the Court. Therefore, the matter was partially remanded for the limited purpose of deciding whether to grant a COA.

3583(k) was unconstitutional as set forth in *United States v. Haymond*, 869 F.3d 1153 (10th Cir. 2017), *petition for cert. filed (No. 17-1672)*, (June 15, 2018).

*Haymond* was decided seven months after this Court imposed sentence. Ordinarily, courts refuse to deem counsel ineffective for failing to predict the development of the law. *See, e.g., Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997). And under *Teague v. Lane*, 489 U.S. 288 (1989), "a new rule of constitutional law, announced after a defendant's conviction became final, is generally not applicable on collateral review of that conviction. *See United States v. Mora*, 293 F.3d 1213, 1218 (10th Cir. 2002)." ECF No. 8 at p. 7; *see also See Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005) (emphasis in original) (citing *Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("a new rule is made retroactive to cases on collateral review only when the Supreme Court explicitly holds that the rule it announced applies retroactively to such cases."). "*Haymond* has not been 'made retroactive to cases on collateral review by the Supreme Court.' 28 U.S.C. § 2255(h)(2)." ECF No. 8 at p.7. Moreover, It was uncontroverted by Mr. Podwys that "[a]t the time of petitioner's sentence the law in every circuit pursuant to 18 U.S.C. § 3583(k) required the imposition of a mandatory minimum term of 60-months imprisonment for a violation of possessing child pornography." ECF No. 8 at p.4. The Court, therefore, concludes that Petitioner cannot establish that his attorney committed "serious errors" in light of "prevailing professional norms" such that "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-688.

For the reasons stated above as well as in the Court's prior Memorandum Decision and Order, Mr. Podwys fails to satisfy his burden for a COA to issue and the

Court denies Mr. Podwys a COA as to its ruling on his Section 2255 motion.

IT IS SO ORDERED.

Dated this 2nd day of August, 2018.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT